## UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:03-CR-00018-RP-TJS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| AIKINS FRIMPONG, | ) | |
| | ) | |
| Defendant. | ) | |

This magistrate judge was directed by Chief United States District Judge Robert W. Pratt to conduct an evidentiary hearing, and to file a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) regarding the government's motion for revocation of supervised release filed July 2, 2010 (Clerk's No. 608).

The government contends that not only has Frimpong failed to file monthly reports with the United States Probation Office since at least November of 2009, but that he has violated an order of this Court entered by District Judge John A. Jarvey on June 30, 2010 (Clerk's No. 607), ordering defendant to travel to the Immigrations and Customs Enforcement facility in Des Moines, Iowa for purposes of obtaining the necessary identification cards so that Frimpong could obtain employment.

The Court conducted the evidentiary hearing in this matter on August 5, 2010.   The government was present by Assistant United States Attorney Clifford R. Cronk, III.   Defendant was present in person, and with his attorney, Assistant Federal Defender Diane Zitzner.

The government presented evidence through three United States Probation officers: Jennifer Johnson, Katherine Tahja and Errica Donohoo.   Each of those probation officers has had contact with Frimpong since his supervised release began on or about November 24, 2009.

Frimpong did not testify during trial.    His defense to the allegations seeking revocation of the supervised release centered on arguments made by his lawyer.

A summary of the evidence presented during the August 5, 2010 hearing is appropriate.

Senior United States Probation Officer Jennifer Johnson has 11 years of experience in this probation office.    She was the probation officer who met with Frimpong when he began his supervised release, and gave him the written materials regarding his requirements while on supervised release, including reporting requirements.    At the time of his initial meeting with her, she provided him with six months of written monthly report forms for his convenience.

Ms. Johnson testified that Exhibit 1, which is admitted without objection, was Frimpong's Acknowledgment of his Receipt of Judgment and Commitment Order.    The occurred on November 24, 2009.

Ms. Johnson testified that subsequent to that date, Frimpong did not provide any written reports to the United States Probation Office as required.

Notwithstanding Frimpong's failure to submit written reports, Ms. Johnson acknowledged that he did participate in this district's re-entry court presided over by District Judge John A. Jarvey.    She also testified that she was aware that Frimpong had no job because of his immigration issues.    Through the efforts of the United States Probation Office, Frimpong was placed in a residential facility where his rent has been paid by community funds.

Ms. Johnson testified that because of Frimpong's immigration issues, the United States Probation Office referred him to a Cedar Rapids, Iowa lawyer, Alfred Willett, who made arrangements

for Frimpong to meet and confer with another attorney who specialized in immigration matters.   Ms. Johnson testified that Frimpong refused to meet with the immigration lawyer.

Katherine Tahja is a Supervising United States Probation Officer in the Davenport office.   She testified that she became aware of Frimpong's immigration problems, and the ramifications those issues had in his inability to obtain employment.   The United States Probation Office was generally aware of Frimpong's complaints and concerns regarding lack of money, lack of food, and medications.

As a result of Frimpong's immigration status, Ms. Tahja testified that she and Probation Officer Justin Thompson made an appointment for defendant in the Des Moines immigration office, and arranged to have transportation, lodging and food vouchers prepared utilizing probation office funding.

After the vouchers had been arranged and prepared, Frimpong met with Ms. Tahja and Thompson.   Defendant agreed to travel to Des Moines, and understood that he was required to leave Davenport on July 1 so that he would be able to have the July 2, 2010 meeting with immigration officials.

Ms. Tahja further testified that on June 29, 2010, Frimpong called her and insisted on having a written order from Judge Jarvey regarding the Des Moines trip for the meeting with immigration officials.   Ms. Tahja testified that originally Judge Jarvey refused to sign the order, but after he discussed matters with her, Judge Jarvey issued an order.    That order, Exhibit 2, which is admitted as part of this evidentiary hearing, directed Frimpong to go to Des Moines for purposes of obtaining a work permit.

On July 1, 2010, Ms. Tahja testified that she, along with Deputy Chief United States Probation Officer Timothy Heinrichs, provided Frimpong with a copy of the order signed by Judge Jarvey, along with travel, meal and lodging vouchers.   Once Frimpong read Judge Jarvey's order, according to Ms. Tahja, he refused to make the trip.   Ms. Tahja testified Frimpong based his refusal on the fact that Judge Jarvey had indicated in the order (Exhibit 2) that Frimpong had lost his immigration case.   Ms. Tahja further testified that after Frimpong read Judge Jarvey's order, he "became agitated" and insisted that he had not lost his immigration case.   She added that even after the trip had been arranged, Frimpong refused to travel to Des Moines without a written court order.

At this point, Ms. Tahja advised Frimpong that if he failed to go to Des Moines he would be in violation of a court order.   Frimpong then, according to Ms. Tahja, requested a meeting with Judge Jarvey, but Deputy Chief Heinrichs advised Frimpong that if there was to be a meeting with Judge Jarvey it would be in the form of a court hearing.

At that point, Ms. Tahja testified that Frimpong never agreed to go to Des Moines, and he left the United States Probation Office in Davenport without any of the travel, lodging or food vouchers.   She testified he never did travel to Des Moines as ordered.

Errica Donohoo is a U.S. Probation Officer in the Davenport office with ten years experience, testified that she had spoken with Immigration and Customs Enforcement in the Rock Island, Illinois office regarding Frimpong's immigration status.   She was told by that office that agents there were waiting for paperwork from Ghana regarding deportation of Frimpong.   She further testified that Frimpong had been directed to report to the Immigration and Customs Enforcement Office in Rock Island on June 1, 2010, and he had failed to do that.

She also testified that at no time that Frimpong was on supervised release had he ever held employment.

The record is also clear that, in fact, immigration action was taken against Frimpong, and an order of deportation was issued by Immigration and Customs Enforcement.   That is the basis for the finding by Judge Jarvey in his order the fact that Frimpong had "lost his immigration case."

Frimpong's primary defense to the government's motion for revocation of supervised release is that he disagreed with Judge Jarvey's characterization in the order, therefore, he was not required to obey it.   Frimpong has presented no evidence that suggests that Judge Jarvey's finding regarding Frimpong's immigration case is incorrect.   Frimpong, who has always been represented by counsel in this case, made no effort to have any attorney on his behalf challenge the order issued by Judge Jarvey.

Instead, Frimpong took it upon himself to decide that his legal opinion was superior to that of Judge Jarvey.

The evidence is without question that Frimpong violated an order of this Court, and failed to comply with the requirements of that order by not traveling to Des Moines, Iowa on July 1, 2010, and failing to meet with immigration officials on July 2, 2010 in Des Moines, Iowa. Frimpong's defenses are inadequate and without justification.

Regardless of the semantic arguments that Frimpong offers as to why he did not obey Judge Jarvey's order, he has presented absolutely no defense as to why he has failed to file monthly reports as required by the terms of his supervised release.

In this regard, he apparently relies upon his participation in the district's re-entry court as some type of excuse for not filing reports.   He argues, apparently, that his attendance at court sessions every three weeks should be considered in lieu of monthly written reports.

There is no credible evidence presented in this case that Frimpong was excused from his requirement for filing monthly reports, or that he in fact did file such reports during any re-entry court sessions.

For all the foregoing reasons, the Court finds that the government has established that Aikins Frimpong has violated terms of his supervised release by failing to file monthly reports.   The evidence also establishes that Aikins Frimpong has violated an order of this Court by failing to travel to Des Moines, Iowa on July 1, 2010, and failing to meet with immigration officials in Des Moines, Iowa on July 2, 2010 for the purposes of obtaining necessary documentation to allow him to seek employment while on supervised release.

The probation office has recommended that his supervised release be revoked, and that Frimpong be ordered imprisoned for a period of seven months.

The Court defers any recommendation as to punishment based on the findings set forth above.   Defendant's counsel requested an opportunity to argue any recommended punishment if the Court did in fact find that Frimpong had violated the terms of his supervised release.

Therefore, in accordance with the findings noted in this Report and Recommendation, the Court will withhold the final Report and Recommendation pending arguments by counsel on August 16, 2010, at 3:00 p.m.

Pending the final Report and Recommendation after the hearing on August 16, 2010, Defendant Aikins Frimpong shall remain in the custody of the United States Marshal Service.

IT IS SO ORDERED.

Dated this 6th day of August, 2010.


_____
**THOMAS J. SHIELDS**
**CHIEF U.S. MAGISTRATE JUDGE**