## UNITED STATES DISTRICT COURT
## IN AND FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  3:03-CR-00018-RP-TJS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **FINAL AMENDED REPORT** |
| | ) | **AND RECOMMENDATION** |
| AIKINS FRIMPONG, | ) | **WITH ADDENDUM** |
| | ) | |
| Defendant. | ) | |

This magistrate judge was directed by Chief United States District Judge Robert W. Pratt to conduct an evidentiary hearing, and to file a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) regarding the government's motion for revocation of supervised release filed July 2, 2010 (Clerk's No. 608).

The government contends that not only has Frimpong failed to file monthly reports with the United States Probation Office since at least November of 2009, but that he has violated an order of this Court entered by District Judge John A. Jarvey on June 30, 2010 (Clerk's No. 607), ordering defendant to travel to the Immigrations and Customs Enforcement facility in Des Moines, Iowa for purposes of obtaining the necessary identification cards so that Frimpong could obtain employment.

The Court conducted the evidentiary hearing in this matter on August 5, 2010.   The government was present by Assistant United States Attorney Clifford R. Cronk, III.   Defendant was present in person, and with his attorney, Assistant Federal Defender Diane Zitzner.

The government presented evidence through three United States Probation officers: Jennifer Johnson, Katherine Tahja and Errica Donohoo.   Each of those probation officers has had contact with Frimpong since his supervised release began on or about November 24, 2009.

Frimpong did not testify during trial.    His defense to the allegations seeking revocation of the supervised release centered on arguments made by his lawyer.

A summary of the evidence presented during the August 5, 2010 hearing is appropriate.

Senior United States Probation Officer Jennifer Johnson has 11 years of experience in this probation office.   She was the probation officer who met with Frimpong when he began his supervised release, and gave him the written materials regarding his requirements while on supervised release, including reporting requirements.   At the time of his initial meeting with her, she provided him with six months of written monthly report forms for his convenience.

Ms. Johnson testified that Exhibit 1, which is admitted without objection, was Frimpong's Acknowlegment of his Receipt of Judgment and Commitment Order.   This occurred on November 24, 2009.

Ms. Johnson testified that subsequent to that date, Frimpong did not provide any written reports to the United States Probation Office as required.

Notwithstanding Frimpong's failure to submit written reports, Ms. Johnson acknowledged that he did participate in this district's re-entry court presided over by District Judge John A. Jarvey.   She also testified that she was aware that Frimpong had no job because of his immigration issues.  Through the efforts of the United States Probation Office, Frimpong was placed in a residential facility where his rent has been paid by community funds.

Ms. Johnson testified that because of Frimpong's immigration issues, the United States Probation Office referred him to a Cedar Rapids, Iowa lawyer, Alfred Willett, who made arraignments

for Frimpong to meet and confer with another attorney who specialized in immigration matters.  Ms. Johnson testified that Frimpong refused to meet with the immigration lawyer.

Katherine Tahja is a Supervising United States Probation Officer in the Davenport office.   She testified that she became aware of Frimpong's immigration problems, and the ramifications those issues had in his inability to obtain employment.   The United States Probation Office was generally aware of Frimpong's complaints and concerns regarding lack of money, lack of food, and medications.

As a result of Frimpong's immigration status, Ms. Tahja testified that she and Probation Officer Justin Thompson made an appointment for defendant in the Des Moines immigration office, and arranged to have transportation, lodging and food vouchers prepared utilizing probation office funding.

After the vouchers had been arranged and prepared, Frimpong met with Ms. Tahja and Thompson.   Defendant agreed to travel to Des Moines, and understood that he was required to leave Davenport on July 1 so that he would be able to have the July 2, 2010 meeting with immigration officials.

Ms. Tahja further testified that on June 29, 2010, Frimpong called her and insisted on having a written order from Judge Jarvey regarding the Des Moines trip for the meeting with immigration officials.   Ms. Tahja testified that originally Judge Jarvey refused to sign the order, but after he discussed matters with her, Judge Jarvey issued an order.   That order, Exhibit 2, which is admitted as part of this evidentiary hearing, directed Frimpong to go to Des Moines for purposes of obtaining a work permit.

On July 1, 2010, Ms. Tahja testified that she, along with Deputy Chief United States Probation Officer Timothy Heinrichs, provided Frimpong with a copy of the order signed by Judge Jarvey, along with travel, meal and lodging vouchers.   Once Frimpong read Judge Jarvey's order, according to Ms. Tahja, he refused to make the trip.   Ms. Tahja testified Frimpong based his refusal on the fact that Judge Jarvey had indicated in the order (Exhibit 2) that Frimpong had lost his immigration case.   Ms. Tahja further testified that after Frimpong read Judge Jarvey's order, he "became agitated" and insisted that he had not lost his immigration case.   She added that even after the trip had been arranged, Frimpong refused to travel to Des Moines without a written court order.

At this point, Ms. Tahja advised Frimpong that if he failed to go to Des Moines he would be in violation of a court order.   Frimpong then, according to Ms. Tahja, requested a meeting with Judge Jarvey, but Deputy Chief Heinrichs advised Frimpong that if there was to be a meeting with Judge Jarvey it would be in the form of a court hearing.

At that point, Ms. Tahja testified that Frimpong never agreed to go to Des Moines, and he left the United States Probation Office in Davenport without any of the travel, lodging or food vouchers.   She testified he never did travel to Des Moines as ordered.

Errica Donohoo is a U.S. Probation Officer in the Davenport office with ten years experience, testified that she had spoken with Immigration and Customs Enforcement in the Rock Island, Illinois office regarding Frimpong's immigration status.    She was told by that office that agents there were waiting for paperwork from Ghana regarding deportation of Frimpong.   She further testified that Frimpong had been directed to report to the Immigration and Customs Enforcement Office in Rock Island on June 1, 2010, and he had failed to do that.

She also testified that at no time that Frimpong was on supervised release had he ever held employment.

The record is also clear that, in fact, immigration action was taken against Frimpong, and an order of deportation was issued by Immigration and Customs Enforcement.   That is the basis for the finding by Judge Jarvey in his order the fact that Frimpong had "lost his immigration case."

Frimpong's primary defense to the government's motion for revocation of supervised release is that he disagreed with Judge Jarvey's characterization in the order, therefore, he was not required to obey it.   Frimpong has presented no evidence that suggests that Judge Jarvey's finding regarding Frimpong's immigration case is incorrect.   Frimpong, who has always been represented by counsel in this case, made no effort to have any attorney on his behalf challenge the order issued by Judge Jarvey.

Instead, Frimpong took it upon himself to decide that his legal opinion was superior to that of Judge Jarvey.

The evidence is without question that Frimpong violated an order of this Court, and failed to comply with the requirements of that order by not traveling to Des Moines, Iowa on July 1, 2010, and failing to meet with immigration officials on July 2, 2010 in Des Moines, Iowa. Frimpong's defenses are inadequate and without justification.

Regardless of the semantic arguments that Frimpong offers as to why he did not obey Judge Jarvey's order, he has presented absolutely no defense as to why he has failed to file monthly reports as required by the terms of his supervised release.

In this regard, he apparently relies upon his participation in the district's re-entry court as some type of excuse for not filing reports.   He argues, apparently, that his attendance at court sessions every three weeks should be considered in lieu of monthly written reports.

There is no credible evidence presented in this case that Frimpong was excused from his requirement for filing monthly reports, or that he in fact did file such reports during any re-entry court sessions.

For all the foregoing reasons, the Court finds that the government has established that Aikins Frimpong has violated terms of his supervised release by failing to file monthly reports.   The evidence also establishes that Aikins Frimpong has violated an order of this Court by failing to travel to Des Moines, Iowa on July 1, 2010, and failing to meet with immigration officials in Des Moines, Iowa on July 2, 2010 for the purposes of obtaining necessary documentation to allow him to seek employment while on supervised release.

## ADDENDUM TO REPORT AND RECOMMENDATION

On August 6, 2010 (Clerk's No. 622), this magistrate judge filed a Report and Recommendation regarding findings of fact as to the government's Motion for Revocation of Supervised Release, but withholding a final Report and Recommendation pending arguments by counsel for the government and defendant regarding the punishment issues in this case.

As noted above, the United States Probation Office has recommended, based upon its Violation Worksheet which has been submitted to the Court, that pursuant to the United States Sentencing Guidelines §7B1.1, the violations committed by Frimpong, and as found to have occurred by this magistrate judge, amount to Grade C violations.   Therefore, pursuant to USSG § 7B1.4(a), (p.s.), the range of imprisonment was 7 to 13 months.

USSG § 7B1.3, which governs revocation of supervised release, provides that where the minimum term of imprisonment determined under USSG § 7B1.4 is more than 6 months but not more than 10 months, then the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that substitutes community confinement or home detention according to the schedule found in USSG C1.1(e), which "allows for a day for day substitution" provided that at least one-half of the minimum term is satisfied by imprisonment.

Frimpong's defense to the violations, which this magistrate judge has found did in fact occur, has rested upon his assertion that his immigration case has not been resolved against him, and that he did not wilfully disobey an order of this Court.

At the time of the hearing for purposes of evidence and argument as to the recommended punishment, Frimpong asked for, and was granted, permission to speak. His comments, on the record, constituted a diatribe against the government and its Assistant United States Attorney. Those comments demonstrated Frimpong's lack of remorse, as well as his mistaken belief that he was somehow wrongly convicted because the government "lied" and failed to produce all appropriate evidence during his trial.

Frimpong's statements portrayed, in the opinion of this magistrate judge, his belief that the facts are as he sees them, not what is actual reality. His comments did little to advance his position that he should not be imprisoned as a result of his violations of his supervised release.

The record before this magistrate judge demonstrates, in addition to Frimpong's own comments, that defendant has spent most of his time in supervised release not complying with the requirements. He has not filed any reports to the probation office; he has not obtained employment;

and he has not made any effort on his own to secure necessary immigration documents that might allow him to obtain employment.

Frimpong's prior criminal record belies his attempts to establish that he is a victim and incapable of compliance with orders of this Court, and the rules and regulations for supervised release.

Because of the lack of remorse, and the continued violations exhibited by Frimpong throughout his term of supervised release, this magistrate judge is not willing to recommend anything but imprisonment for the violations that have been established.

In fact, in the opinion of this magistrate judge, the record supports a term of imprisonment greater than the recommendation of 7 months by the United States Probation Office.

Therefore, this magistrate judge rejects defendant's arguments that he should be allowed to remain on supervised release and placed in some suitable housing in this area which would permit him to obtain immigration documentation, and then obtain employment.   There is nothing in this record that supports any likelihood, factual or otherwise, that Frimpong is qualified for any substantive employment, and that he has any skills that could be of value in the marketplace.

It is recommended that Defendant Aikins Frimpong be imprisoned for a term of 12 months, and that following release from that term of imprisonment he undergo supervised release for a period of 24 months, subject to the requirements that Frimpong not commit another federal, state or local crime, and that Frimpong not possess any illegal controlled substances.

The parties have to and including September 20, 2010 to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997).  Such extensions will be freely granted.  Any

objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections.  See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357.  Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact.  Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Respectfully submitted,

Date:    August 30, 2010

THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE