IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * * * | 3:03-cr-0018 |
| Plaintiff, | * * | |
| v. | * * | ACCEPTANCE AND MODIFICATION |
| | * | OF MAGISTRATE JUDGE'S REPORT & |
| AIKINS FRIMPONG, | * | RECOMMENDATION REGARDING |
| | * | PETITION FOR REVOCATION OF |
| | * | SUPERVISED RELEASE |
| Defendant. | * * | |

Aikins Frimpong ("Defendant") is alleged to have violated conditions of his supervised release. *See* Clerk's No. 608. The issue was referred to United States Magistrate Judge Thomas J. Shields pursuant to 18 U.S.C. § 3401(i), who conducted an evidentiary hearing on August 5, 2010, and a hearing concerning punishment on August 16, 2010. On August 30, 2010, Magistrate Judge Shields issued a Final Report and Recommendation ("R & R"), suggesting that the Petition to Revoke Defendant's supervised release be granted, and that Defendant be sentenced to 12 months incarceration and 24 months of supervised release. Clerk's No. 626. Defendant Objected to the R & R on September 20, 2010. Clerk's No. 631. The matter is fully submitted.

When a party objects to a magistrate judge's report and recommendation, a district court must make a de novo determination regarding those objections. *See* 28 U.S.C. § 636(b)(1); *see also United States v. Azure,* 539 F.3d 904, 909 (8th Cir. 2008) (stating that a district court must conduct a de novo review as required in § 636(b)(1) for reports and recommendations issued pursuant to 18 U.S.C. § 3401(i)). When the report and recommendation is made after an evidentiary hearing, de novo review "requires the district court to, at a minimum, listen to the

tape of the hearing, or read the transcript." *Azure*, 539 F.3d at 910 (quoting *United States v. Benitez*, No. 06-3763, 2007 WL 2230381, at *1 (8th Cir. Aug. 6, 2007). The Court has conducted the required de novo review, including examination of the Magistrate's R & R, as well as the transcripts from both hearings. Based on this review, the Court accepts the Magistrate's R & R in part, and modifies it in part.

## I. ALLEGED VIOLATIONS OF SUPERVISED RELEASE

Defendant allegedly violated the terms of his supervised release in two distinct manners. First, it is alleged that Defendant failed to follow the directions of his Probation Officer when, on July 1, 2010, he refused to board a bus heading to Des Moines, Iowa, in order to obtain a work permit from the Immigration and Customs Enforcement ("ICE") office. Clerk's No. 608 (Mot. for Revocation) at 2-3. Second, Defendant is alleged to have failed to file any monthly reports with the Probation Office. *Id.* at 3. Magistrate Judge Shields found that both instances violated the conditions of Defendant's supervised release. R & R at 5-6.

Defendant's objections to the Magistrate's findings are best described as excuses. Defendant admits that he did not actually file any monthly reports with the Probation Office. *See* Def's Obj. to R & R at 4. He argues, however, that his failure to do so was justified because no one from the Probation Office reminded him of this requirement, and because, regardless of his failure to file the required reports, the Probation Office was aware of his whereabouts. *See* Revocation Hr'g. Tr. (Clerks' No. 630) at 9-10. The Court is not persuaded, and thus finds that Defendant violated the conditions of his supervised release by failing to file monthly reports.

Similarly, Defendant does not dispute that he refused to go to Des Moines on July 1, 2010 to obtain a work permit from the ICE office. *See* Def's Obj. to R & R at 3. Instead, he argues that this failure was justified by his disagreement with a sentence in the court order

directing him to travel to the ICE office, which stated that Defendant "lost his immigration case." *Id.* Defendant's concerns notwithstanding, the uncontested evidence establishes that Defendant refused both his Probation Officer's instruction, and a court order issued by the United States District Judge John A. Jarvey (Clerk's No. 607). What makes this refusal even more significant is that it came after Probation Officers had expended a large amount of time and resources, including booking travel and overnight accommodations for Defendant, and even obtaining, at Defendant's request, a court order directing his travel. *See* Revocation Hr'g. Tr. at 18-20. Accordingly, the Court finds that Defendant's failure to travel to the ICE office in Des Moines, Iowa, as directed by the Probation Office, violated the conditions of his supervised release.

## II. REVOCATION OF SUPERVISED RELEASE

Defendant next objects to the Magistrate Judge's recommendation that his supervised release be revoked. As an initial matter, Defendant alerts the Court that revocation is an available – but not required – course of action in this case. *See* U.S.S.G. § 7B1.3(a)(2). To this end, Defendant argues that his refusal to travel to Des Moines was motivated solely by his concern over his immigration case, and not because he wanted to avoid getting a work permit. Def's Obj. to R & R at 3. He further notes that, absent the July 1, 2010 incident, he had substantially complied with the terms of his supervised release. *Id.* Finally, he states that revocation would likely not be ordered for merely failing to file monthly reports. *Id.* Thus, Defendant requests that the Court modify or extend his term of supervised release in lieu of revocation. *Id.*

While the Court agrees that Defendant has complied with the majority of his conditions of release, his current violations nonetheless warrant revocation. Of particular concern to the

Court is Defendant's blatant refusal to follow instructions from his Probation Officer. That this refusal was motivated by concern over the status of his immigration case, as opposed to a more sinister or defiant motive, is not the ultimate issue. In order for the supervised release system to function, probation offices must have assurance that their efforts will not be resisted at every turn. It is of no matter whether this resistence is due to a supervisee's feelings about the actual directive, or if it is related to some peripheral stressor; reasonable conditions of supervision must be followed.

Here, Defendant's violations exhibit a troubling pattern of behavior. Taken in combination, his failure to file required monthly reports, and his apparent belief that concerns over the status of his immigration case entitled him to disregard the requests and instruction of the Probation Office, leads the Court to conclude that Defendant believes that the conditions of his supervised release apply at his convenience. The Court finds this to be a fundamental problem that warrants revocation.

### III. PERIOD OF INCARCERATION

Having concluded that Defendant's violations warrant revocation of his supervised release, the Court must determine the appropriate sentence. Magistrate Judge Shields recommends a sentence of 12 months incarceration, and 24 months of supervised release. R & R at 8. The applicable sentencing guideline range is 7 to 13 months. U.S.S.G. 7B1.4(a) (p.s.). However, this range is not binding upon the Court; it is merely advisory. *See generally United States v. Booker,* 543 U.S. 220 (2005).

The Court must fashion a sentence that is sufficient, but not greater than necessary to comply with the factors listed in 18 U.S.C. § 3553(a). Having considered Defendant's conduct in light of the § 3553(a) factors, the Court determines that a sentence of 3 months incarceration,

followed by 12 months of supervised release is appropriate.  In reaching this conclusion the Court notes:  (1) the nature and circumstances of Defendant's first violation stem from a misunderstanding surrounding his immigration case, as opposed to pure insubordination; (2) Defendant's violations, while concerning, are not the most serious types of violations that come before the Court; and (3) Defendant's violations do not indicate that a lengthy sentence is necessary to protect the public.

## IV.  CONCLUSION

For the reasons discussed above, the Magistrate Judge's Report and Recommendation (Clerk's No. 626)  is ACCEPTED IN PART, and MODIFIED IN PART to reflect that Defendant is sentenced to 3 months of incarceration and 12 months of supervised release.

IT IS SO ORDERED.

Dated this _29th_ day of September, 2010.

_____
ROBERT W. PRATT, Chief Judge
U.S. DISTRICT COURT